**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3883
_____

PBS COALS, INC.; ROCKWOOD CASUALTY,
                                                    Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR; RICHARD KELLY,
                                                    Respondents
_____

On Appeal from the Benefits Review Board
(BRB-1 : 09-0784 BLA)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2011

BEFORE: BARRY, AMBRO and COWEN , Circuit Judges

(Filed: July 6, 2011 )
_____

OPINION
_____

COWEN, Circuit Judge.

        PBS Coals, Inc. and Rockwood Casualty Insurance Company ("PBS") petitioned

for review of a decision by the Benefits Review Board affirming the ALJ's decision to

award benefits to Richard Kelly pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901, et seq. We will deny this petition for review.

Kelly, a former miner, filed the current claim for benefits on January 25, 2002. Following a series of rulings by both the ALJ and the Benefits Review Board, the ALJ ultimately granted his claim in a decision dated July 24, 2009.

As the ALJ indicated, the Benefits Review Board, in a decision dated April 7, 2009, vacated his April 14, 2008 decision denying benefits. The Benefits Review Board stated that the ALJ erroneously found that the opinions of Drs. Schaaf and Begley, which supported Kelly's claim, were based on generalities. The ALJ noted that the Benefits Review Board vacated his "finding that the existence of legal pneumoconiosis had not been established at [20 C.F.R.] § 718.202(a)(4)" and remanded for further consideration of the opinions offered by these two doctors. (A14-A15.) The ALJ was also directed to "reconsider whether the opinion of Dr. Begley is entitled to enhanced weight due to his status as the miner's treating physician pursuant to [20 C.F.R.] § 718.104(d), examine the validity of Dr. Fino's opinion [supporting PBS's position that Kelly did not suffer from legal pneumoconiosis] and determine whether Dr. Fino adequately explained the basis for his conclusion, and address the comparative credentials of Drs. Fino, Schaaf, and Begley, the explanation for their conclusions, the documentation underlying their medical judgments, and . . . explain my credibility determinations." (A15). "Finally, the Board ruled that if I [the ALJ] determined that the miner has pneumoconiosis, I must decide

whether his pneumoconiosis is a substantially contributing cause of his total disability under [20 C.F.R.] § 718.204(c)." (Id.)

According to the ALJ, the applicable regulations define legal pneumoconiosis as any chronic lung disease or impairment arising out of coal mine employment. This definition is met if the disease or impairment is significantly related to, or is substantially aggravated by, dust exposure from coal mine employment. The ALJ found that "Dr. Schaaf and Dr. Begley gave convincing reasons for determining that the miner's totally disabling pulmonary impairment was due to both his cigarette smoking and coal mine dust exposure." (A16.) According to the ALJ, the two doctors explained that there was no way to exclude coal mine dust exposure as a cause of Kelly's condition. The ALJ acknowledged that Dr. Fino attributed Kelly's impairment exclusively to smoking based on his extensive smoking history as well as the presence of hypercarbia (the elevation of a person's carbon dioxide level). Nevertheless, the ALJ determined that "his opinion is couched in generalities and he failed to provide a convincing explanation for excluding the miner's coal mine dust exposure as a significant cause or substantial aggravation of his pulmonary disease." (Id.) While all three doctors are board certified, possess comparable credentials, and offered reasoned and documented opinions, the ALJ found that the opinions of Drs. Schaaf and Begley were better reasoned and thereby entitled to greater weight than the opinion of Dr. Fino. The ALJ also accorded more weight to Dr. Begley's opinion because he rendered a well-reasoned opinion, had been treating Kelly's

3

pulmonary condition for eighteen months, evaluated him on five or six occasions over this time period, and performed chest x-rays, spirometry, and pulmonary evaluations.

Having found, by a preponderance of the evidence, the existence of legal pneumoconiosis, the ALJ next considered the question of total disability causation. He again found that Drs. Schaaf and Begley reasonably opined that Kelly's legal pneumoconiosis constituted a substantial contributory cause of his total disability and accorded more weight to their respective opinions than to the contrary opinion of Dr. Fino. The ALJ added that Dr. Fino's "opinion on disability causation can not be given any weight as he did not diagnose either clinical or legal pneumoconiosis." (A17 (citations omitted).)

PBS appealed, but the Benefits Review Board upheld the ALJ's ruling in a per curiam decision issued on August 31, 2010. It specifically affirmed: (1) "the administrative law judge's permissible conclusion that the opinions of Drs. Begley and Schaaf outweigh the opinion of Dr. Fino, and that, therefore, claimant has established the existence of legal pneumoconiosis by the preponderance of the reasoned medical opinion evidence, pursuant to 20 C.F.R. § 718.202(a)(4)" (A10); and (2) the ALJ's determination under 20 C.F.R. § 718.204(c) "that legal pneumoconiosis is a substantially contributing cause of claimant's total disability" (A11).

II.

4

PBS challenges the ALJ's ruling in favor of Kelly on a number of grounds.[1] However, like the Benefits Review Board, we determine that this ruling was consistent with the applicable legal principles and supported by substantial evidence in the record.

PBS argues that the ALJ committed reversible error because his findings on July 24, 2009 regarding Dr. Fino's opinion "were completely opposite of the conclusions and findings" in his April 14, 2008 decision. (Petitioner's Brief at 14.) It goes on to attack the ALJ's findings that this doctor offered an opinion couched in generalities and otherwise failed to provide a convincing explanation for excluding Kelly's coal mine dust exposure as a cause of his pulmonary disease. Nevertheless, the Benefits Review Board appropriately observed that the ALJ was no longer bound by his prior findings of fact because these findings had been vacated in the Benefits Review Board's own decision of April 7, 2009. Especially in light of the applicable "substantial evidence" standard of review, we also agree with the Benefits Review Board that the ALJ permissibly found that Dr. Fino failed to provide a convincing explanation for his opinion that coal mine dust exposure did not cause, contribute to, or otherwise aggravate Kelly's condition.

We likewise must reject PBS's contentions with respect to the opinions offered by Drs. Begley and Schaaf and the weight accorded to these opinions by the ALJ.

---

[1] The ALJ and the Benefits Review Board possessed jurisdiction over this matter pursuant to 30 U.S.C. § 932(a) and 33 U.S.C. § 921(b). We have jurisdiction under 33 U.S.C. § 921(c). As PBS acknowledges, "this Court must review the record and determine whether the ALJ's findings were [rational], consistent with applicable law and supported by the substantial evidence of the record considered as a whole." (Petitioner's Brief at 13.) Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See, e.g., Soubik v. Dir., OWCP, 366 F.3d

Substantial evidence in the record supported the characterization of these opinions as well-reasoned and adequately documented. Specifically, both Drs. Begley and Schaaf were aware of Kelly's lengthy history of smoking. The Benefits Review Board accordingly pointed out that it "previously rejected employer's contention that Dr. Schaaf did not have an accurate understanding of claimant's smoking history" in its October 24, 2007 opinion and that PBS "has not set forth any valid exception to the law of the case doctrine." (A10 (citation omitted).) It also properly disposed of PBS's assertion that Dr. Begley was not aware of the actual extent of Kelly's coal mine dust exposure by noting "that, in his prior decision dated April 14, 2008, the administrative law judge specifically found that Dr. Begley had an accurate understanding of claimant's coal mine employment history, and that finding has not been disturbed on appeal." (A9 (citation omitted).) Finally, the ALJ permissibly accorded greater weight to Dr. Begley's otherwise well-reasoned opinion because, among other things, he had been treating Kelly for more than a year. See, e.g., Soubik, 366 F.3d at 235 ("It is well-established in this circuit that treating physicians' opinions are assumed to be more valuable than those of non-treating physicians." (citing Mancia v. Dir., OWCP, 130 F.3d 579, 590-91 (3d Cir. 1997))).

Finally, PBS takes issue with the ALJ's determination regarding total disability causation, specifically challenging his conclusion that Dr. Fino's opinion on this question could not be given any weight because he did not diagnose either clinical or legal pneumoconiosis. However, it appears that the ALJ did not thereby commit any reversible

226, 233 (3d Cir. 2004). We exercise plenary review over questions of law. See, e.g., id.

6

error.  See, e.g., id. at 234 ("Common sense suggests that it is exceedingly difficult for a doctor to properly assess the contribution, if any, of pneumoconiosis to a miner's death if he/she does not believe it was present.").  In any case, we have already concluded that the ALJ appropriately accorded more weight to the opinions of Drs. Begley and Schaaf than to Dr. Fino's opinion.  As the Appeals Review Board noted, the ALJ then "rationally relied on their opinions, that claimant's totally disabling impairment is due, in part, to coal dust exposure, to find that claimant is totally disabled due to legal pneumoconiosis." (A10 (citations omitted).)

III.

For the foregoing reasons, we will deny the petition for review.